UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 11-23202-CV-GRAHAM/GOODMAN

KOREA SECURITIES FINANCE CORP.,
a foreign corporation,

    Plaintiff,

v.

VISION SANTA MARIA BRICKELL, INC.,
a Florida corporation, and SANTA MARIA ON
BRICKELL CONDOMINIUM ASSOCIATION, INC.,
a not-for-profit Florida corporation,

    Defendants.
_____/

**DEFENDANT VISION SANTA MARIA BRICKELL INC.'S
ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, VISION SANTA MARIA BRICKELL, INC., ("Vision"), by its undersigned counsel, hereby submits its Answer and Affirmative Defenses to Plaintiff's, KOREA SECURITIES FINANCE, CORP., a foreign corporation ("Korea Securities"), Complaint to Foreclose Mortgage and Security Interest [D.E. 1], and alleges as follows:

1. Vision admits that this purports to be an action to foreclose a mortgage on real property located in Miami-Dade County, Florida.

2. Vision admits the allegation in paragraph 2 of the Complaint that this is a diversity action for damages allegedly in excess of $75,000.00, exclusive of interest and costs, but denies that Plaintiff is entitled to the relief requested.

3. Vision admits that venue is proper in this District, but denies the remaining allegations of paragraph 3 of the Complaint.

*Korea Securities Finance, Corp. v. Vision Santa Maria Miami, Inc., et. al.*
Case No. 11-CIV-23202-DLG

4. Vision denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint.

5. Admitted.

6. Vision denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint.

7. It is admitted that on March 2, 2011, the Plaintiff declared the whole unpaid principal, plus accrued interest as of that date to be due and payable. In all other respects, the matters alleged in paragraph 7 of the Complaint are denied

8. Denied.

9. Vision affirmatively states that the Collateral Security Mortgage and all of its exhibits, including the Loan Agreement and Deed of Guarantee, which are attached to the Complaint, speak for themselves.

10. Vision affirmatively states that the Collateral Security Mortgage and all of its exhibits, including the Loan Agreement and Deed of Guarantee, which are attached to the Complaint, speak for themselves.

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

15. Denied.

16. Denied.

*Korea Securities Finance, Corp. v. Vision Santa Maria Miami, Inc., et. al.*
Case No. 11-CIV-23202-DLG

17. Paragraph 17 of the Complaint states a legal conclusion and therefore Vision makes no response to this allegation. To the extent they may be deemed allegations of fact, Vision denies them.

18. To the extent paragraph 18 seeks to characterize the rights, duties and obligations of the parties, Vision affirmatively states that the Collateral Security Mortgage and all of its exhibits, including the Loan Agreement and Deed of Guarantee, which are attached to the Complaint, speak for themselves and delineate such rights, duties and obligations.

19. Vision denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint.

20. Vision affirmatively states that the Collateral Security Mortgage and all of its exhibits, including the Loan Agreement and Deed of Guarantee, which are attached to the Complaint speak for themselves.

21. Vision admits the allegation in paragraph 21 of the Complaint that the Plaintiff is providing notice of its intent to raise numerous issues set forth therein relating to the laws of a foreign country.

## **REQUEST FOR RELIEF**

1-12. Vision denies that Plaintiff is entitled the relief requested, including, but not limited to, the unpaid principal balance allegedly due under paragraph 16 of the Complaint.

Vision adopts and incorporates by reference any defense asserted by any other Defendant to this action, to the extent such defense applies to it.

## **GENERAL DENIAL**

Any allegation not specifically admitted above by Vision is hereby denied in its entirety.

*Korea Securities Finance, Corp. v. Vision Santa Maria Miami, Inc., et. al.*
Case No. 11-CIV-23202-DLG

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (FAILURE OF CONDITION PRECEDENT)

As its First Affirmative Defense, Vision states failure of condition precedent. Plaintiff has failed to comply with the pre-suit notification requirements under the subject loan documents.

### SECOND AFFIRMATIVE DEFENSE
### (SET OFF)

As its Second Affirmative Defense, Vision states set off. Vision is entitled to a set off for (i) the full value of the subject property or the sales price of such property, whichever is higher; and/or (ii) any and all payments received by Plaintiff from any source in connection with the subject loan.

### THIRD AFFIRMATIVE DEFENSE
### (FAILURE TO MITIGATE DAMAGES)

As its Third Affirmative Defense, Vision states Plaintiff has failed to mitigate its alleged damages.

**WHEREFORE,** Vision respectfully requests that the Court deny Plaintiff the relief sought, enter judgment or dismissal in favor of Vision, and assess all costs and taxable attorney's fees against Plaintiff in accordance with the subject loan documents and Florida law.

Dated the 30th day of September, 2011.

*Korea Securities Finance, Corp. v. Vision Santa Maria Miami, Inc., et. al.*
Case No. 11-CIV-23202-DLG

Respectfully submitted,

**FOWLER RODRIGUEZ VALDES-FAULI**
*Attorneys for Vision Santa Maria Miami, Inc.*
355 Alhambra Circle, Suite #801
Coral Gables, Florida 33134
Tel.: (786) 364-8400
Fax: (786) 364-8401


By: s/ *Luis A. Espino*
Luis A. Espino, Esquire
*Florida Bar No. 008443*
E-mail: lespino@frvf-law.com
Thomas F. Oppenheimer, Esquire
*Florida Bar No.* 0016847
E-mail: toppen@frvf-law.com


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 30, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I additionally certify that the foregoing document was sent to all counsel of record on the attached service list either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically notices of electronic filing.


By: s/ *Luis A. Espino*
    *Florida Bar No.* 0016847

*Korea Securities Finance, Corp. v. Vision Santa Maria Miami, Inc., et. al.*
Case No. 11-CIV-23202-DLG

*Korea Securities Finance Corp. v. Vision Santa Maria, Inc., et. al.*
**Case No.: 11-CIV-23202-DLG**
**United States District Court, Southern District of Florida**

| | |
|---|---|
| Leslie N. Reizes, Esq. | Nicholas D. Siegfried, Esq. |
| E-mail: reizes@bellsouth.net | Email: nsiegfriedlaw.com |
| **Reizes Law Firm, Chartered** | **Siegfried, Rivera, Lerner, De La Torre & Sobel, P.A.** |
| 1200 S. Federal Highway | 201 Alhambra Circle |
| Suite 301 | Suite 1102 |
| Boynton Beach, Florida 33435 | Miami, Florida 33134 |
| Phone: 561-736-2600 | Phone: 305-442-3334 |
| Fax: 561-736-2700 | Fax: 305-443-3292 |
| *Attorneys for Plaintiff, Korea Securities Finance Corp.* | *Attorneys for Defendant, Santa Maria on Brickell Condominium Association, Inc.* |
| Served via transmission of Notices of Electronic Filing generated by CM/ECF | Served via transmission of Notices of Electronic Filing generated by CM/ECF |